**WO** SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 12-1135-PHX-GMS (DKD) |
| Plaintiff, | No. CR 11-0756-PHX-GMS |
| v. | **ORDER** |
| Ramon Zambada-Vega, | |
| Defendant/Movant. | |

Movant Ramon Zambada-Vega, who is confined in the Limestone County Detention Center in Groesbeck, Texas, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.[1]  The Court will summarily dismiss the motion.

**I.    Procedural History**

Pursuant to a plea agreement, Movant pled guilty to re-entry of removed alien, in violation of 8 U.S.C. § 1326(a) & (b)(1).  The plea agreement provided for a sentencing range of 6 to 125 months depending upon Movant's criminal history.  On September 12, 2011, the Court sentenced Movant to 15 months in prison, to run consecutive to the term imposed in CR08-0824-PHX-GMS, followed by three years on supervised release.

Movant alleges two grounds for ineffective assistance of counsel.  In Ground One, he alleges that his attorney should have requested a reduction of his sentence under "The

---

[1] Movant also filed a motion to proceed *in forma pauperis*. (Doc. 3.)  Because there is no filing fee for a § 2255 motion, this motion will be denied as moot.

1 Attorney General Memorandum dated April 28, 1995," pursuant to which a two point
2 downward departure can be offered if a defendant agrees to a final deportation order.  In
3 Ground Two, he alleges that his attorney failed by not arguing that "when an alien defendant
4 is unwilling to stipulate [to] deportation, and thus not beneficiary of any plea agreement," the
5 Sentencing Reform Act allows a reduction for agreeing to be deported.  Movant seeks a
6 reduction of his sentence by one to two points.

## II. Summary Dismissal

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  When this standard is satisfied, neither a hearing nor a response from the government is required.  See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).  In this case, the record shows that summary dismissal under Rule 4(b) is warranted because Movant has waived the right to bring a § 2255 motion.

## III. Waiver

Movant has waived challenges to his sentence.  The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights."  United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005).  It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights.  United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004).  In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face.  United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005).  A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence.  United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992).  The only

claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

As part of his plea agreement, Movant made the following waiver:

> Providing the defendant's sentence and disposition are consistent with this agreement, **the defendant waives** (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information, or to the petition to revoke; and (2) **any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence of disposition, including the manner in which the sentence or disposition is determined, including but not limited to any appeals under 18 U.S.C. § 3742 and motions under 28 U.S.C. §§ 2241 and 2255.** The defendant acknowledges that if the Court has sentenced the defendant and imposed disposition according to the terms of this agreement, **this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of**

**restitution or forfeiture, or sentence or disposition in this case.**
(Doc. 29 at 4-5) (emphasis added).  Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily.  (Id. at 6-7, 8.)

Movant's assertions in his § 2255 motion all pertain to sentencing and not to the voluntariness of the waiver.  Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion.  The Court accepted his plea as voluntarily made.  Consequently, the Court finds that Movant waived the sentencing issues raised in his § 2255 motion.  Thus, the Court will summarily dismiss the motion.  Accordingly,

**IT IS ORDERED:**

(1)    Movant's motion to proceed *in forma pauperis* is **denied**.  (Doc. 3.)

(2)    The Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 30 in CR11-0756-PHX-GMS) is **denied** and the civil action opened in connection with this Motion (CV12-1135-PHX-GMS (DKD)) is **dismissed with prejudice**.  The Clerk of Court must enter judgment accordingly.

(3)    Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 11th day of June, 2012.

G. Murray Snow
United States District Judge